UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | The Honorable Freda L. Wolfson |
| ) | |
| NOEL LOPEZ, ) | |
| a/k/a "Finesse," ) | Criminal No. 05-888-03 (FLW) |
| ) | |

## ORDER

This matter having been opened to the Court on the application of the United States of America for an order designating this to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii); this Order having been provided to counsel of record for the defendant as of March 12, 2009 and reviewed at the Arraignment on March 12, 2009, and consented to by the parties present in open court on the record during the Arraignment, and the Court having received no objection thereto; and the defendant present being aware that absent such a finding they would have a right to be tried within 70 days of their first appearance in this District in connection with this matter or the filing of the Indictment, whichever date last occurs, pursuant to 18 U.S.C. § 3161(c)(1); and the charges being the result of a lengthy investigation and the defendant needing sufficient time to review discovery, which includes the fruits of a multi-month Title III investigation, and to investigate the charge and file motions in this case; and Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey, Jason M. Richardson, Assistant United States Attorney appearing, having concurred in the assertion that this matter is complex as defined in the Speedy Trial Act of 1974; and the Court having found that an order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case originally involved eight (8) defendants charged with conspiring to transport minors for the purpose of prostitution that occurred over a period of at least six years;

2. The discovery in the case is voluminous, in that it includes the fruits of wire interceptions with over 4,000 pertinent recorded conversations, the execution of federal search warrants in Nevada, New York and New Jersey, voluminous financial documents as well as other items.

3. Given the nature of the investigation, time is needed to, among other things, prepare transcripts of intercepted conversations and to prepare the evidence for trial.

4. The defendants and their counsel need time to review all of the discovery in this matter and to consider the issues presented.

5. In light of the serious allegations, the defendant also needs sufficient time to investigate the charge and to develop possible defenses to the charge.

6. In light of the discovery and depending upon the results of their respective investigations, the defendant will need time to determine whether or not to file motions in this matter and what motions should be filed.

7. In light of these findings, and given the nature of the case, its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

8. To date, the Court has received no objection from any of the defense counsel for the defendant to the designation of this case as complex.

9. The grant of a continuance will enable counsel for the defendant to review adequately the discovery, prepare motions and proceed with trial.

10. Pursuant to Title 18, United States Code, Section 3161(h)(8), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this __12th__ day of March, 2009,

ORDERED AND ADJUDGED that this matter is hereby designated a complex case; and

IT IS FURTHER ORDERED that pretrial motions, if any, shall be filed on or before __June 5, 2009__, with the opposition to be filed by __June 19, 2009__, and a return date to be set by the Court, __June 26, 2009.__

IT IS FURTHER ORDERED that trial shall be scheduled for __July 6, 2009__ (the "Trial Date"), and such date is subject to review as discovery proceeds; and

IT IS FURTHER ORDERED that the period between March 12, 2009, and the Trial Date shall be excluded in computing time under the Speedy Trial Act of 1974 pursuant to the provisions of Title 18, United States Code, Section 3161(h)(8)(A).

HONORABLE FREDA L. WOLFSON
United States District Judge

Consented to the entry of this order:

JASON M. RICHARDSON
Assistant United States Attorney

KIM OTIS, ESQUIRE
Attorney for Defendant, Noel Lopez

3